[Civ. No. 3172. Second Appellate District, Division Two.—March 5, 1920.]

## OPLE MARIE EWING, Appellant, v. HARRY ELMAR EWING, Respondent.

[1] DIVORCE—CUSTODY OF CHILD—AWARD TO HUSBAND—CONFLICTING AFFIDAVITS—APPEAL.—An order of the trial court, made subsequent to the granting of an interlocutory decree of divorce in favor of the wife, taking from her the custody of her four year old daughter and giving it to the husband will not be reversed on appeal where the affidavits as to the fitness of the husband and of the wife's parents to have the custody of the child were conflicting, and one act of serious indiscretion charged to the wife was not denied by her.

APPEAL from an order of the Superior Court of San Diego County in divorce proceedings awarding the custody of a child to the husband. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur L. Dorn for Appellant.

Frederick A. Preston and Clarence S. Preston for Respondent.

SLOANE, J.—Plaintiff has appealed from an order of court in divorce proceedings taking from her the custody of her four year old daughter and giving it to the defendant, her husband.

[1] Plaintiff was granted an interlocutory decree of divorce upon default of the defendant, and the order giving her the custody of the child was made in such interlocutory decree. Subsequently, on application by the defendant, and upon a hearing of the matter in which the claims of the respective parties were supported by numerous affidavits, the trial court changed the original order as above indicated by transferring the custody from the mother to the father. The only question raised is as to the sufficiency of the evidence to justify the order appealed from.

The facts shown on the hearing without dispute indicate that the plaintiff and her little girl, prior to and after the interlocutory decree of divorce, lived with plaintiff's parents, who had chiefly supported and cared for the child. The evidence also tended to show that subsequent to the interlocutory decree, and before the hearing, the plaintiff had spent the night in a hotel in Pasadena with a man not her husband, and that the couple had registered as husband and wife. There is no denial of this circumstance by the plaintiff. In the proceedings she petitions the court in the event that she is deprived of the custody of the child that it be given to the grandparents. She also, by affidavits, attacks the reputation of the defendant, by charging that he is dissipated, shiftless, and a confirmed thief, and alleges that he is arranging to take the child to Hollywood and place her in a boarding-house frequented by motion picture actresses, a prizefighter, and other characters whom the plaintiff thinks are unfit associates for a young child. Defendant, by his own and other affidavits, disputes the aspersions upon his own reputation and that of the boarding-house in question, and, in turn, charges the grandparents with intemperate use of liquor and indulgence in vile language in the presence of the child, and as being generally

unfit to be entrusted with her care and custody. On the other hand, several affidavits on behalf of the plaintiff give the grandparents a most excellent reputation.

If all that is said to the discredit of the various parties concerned could be credited, none of them would be fit to have the custody of a little girl. If all that is said in their favor is accepted as truth, either the father or the grandparents would be acceptable, and the mother seems to have only the serious indiscretion at the Pasadena hotel to her charge. Although we have the same affidavits before us as did the trial court on the hearing, it was the province of that court to pass upon the evidence, and it had some, at least, of the parties before it. Where there is such a glaring conflict in the evidence, particularly in view of the undisputed misconduct of the plaintiff, we cannot undertake to overrule the decision of the trial court.

There was no appearance for respondent on this appeal, and we are informed, outside the record, that respondent has paid no attention to the child since the order in his favor, and that she is now in the custody of the mother, who is again married. These are matters properly to be brought to the attention of the trial court, if a further change of custody is desired. We feel bound by the record as we find it.

Order affirmed.

Finlayson, P. J., and Thomas, J., concurred.